**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

Case No.: 26-24710

Nishani Michelle Singh,

Chapter 15

Debtor in Foreign Proceeding
_______________________________/

**EMERGENCY VERIFIED MOTION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND FOR PROVISIONAL RELIEF UNDER 1519(a)(2) AND 1519(a)(3)**

**EMERGENCY HEARING REQUESTED**
**(ON OR BEFORE THURSDAY, NOVEMBER 5, 2026)**

The Foreign Representatives, acting as joint provisional trustees for the Debtor, have located a vehicle fraudulently acquired by the Debtor. The vehicle is related to one of the largest sweeping frauds in South Africa. The vehicle is estimated to be worth approximately $2 million and will be in Miami for the next several days. This is the first time the vehicle's whereabouts have been determined in the United States. However, the inherently mobile nature of the vehicle allows for it to be easily driven or transported out of Florida, putting this newly located asset at immediate risk of disappearing again. Debtor is currently incarcerated in South Africa for fraud. The Foreign Representatives therefore request an emergency hearing by Thursday, November 5, 2026, to obtain authorization to seize and safeguard the vehicle before it can be moved or concealed.

**COMES NOW**, Willem Jacobus Venter, Oriel Rampolokeng Sekati, Koketso Leuwance Selahle, and Matshediso Elizabeth Sello in their capacity as fully authorized foreign representatives ("Foreign Representatives") of the insolvent estate of Nishani Michelle Singh (the "Debtor" or "Singh"), in Singh's liquidation of her debts by the High Court of South Africa, Gauteng Division, Pretoria (the "South African Court") under an order of provisional sequestration (the "South African Proceeding") and file this Motion for Recognition of a Foreign Main Proceeding and for Provisional Relief (the "Motion") pursuant to sections 105(a), 1517, 1519,

1520, and 1521 of title 11 of the United States Code (the "Bankruptcy Code") for: (i) entry of an order (the "Recognition Order") recognizing the South African Proceeding as a foreign main proceeding; and (ii) entry of a provisional order (the "Provisional Relief Order"), pursuant to sections 1519(a)(2), (3) and 105(a) of the Bankruptcy Code entrusting the administration or realization of all or part of the debtors' assets located in the United States to the Foreign Representatives, in order to protect and preserve the value of assets that are otherwise in jeopardy, on an interim basis until the Court has recognized the South African Proceeding as a foreign main proceeding.

The Foreign Representatives commenced this Chapter 15 case by filing the Petition contemporaneously with, and accompanied by, all certifications, statements, lists and documents required under Chapter 15 and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Foreign Representatives request recognition of a foreign main proceeding, as defined in section 1502(4) of the Bankruptcy Code and which is pending in South Africa, as well as related relief in aid thereof. Contemporaneously, the Foreign Representatives seek provisional relief pursuant to sections 1519(a)(2), (3) and 105(a) of the Bankruptcy Code, entrusting the administration or realization of all or part of the debtors' assets located in the United States to the Foreign Representatives, in order to protect and preserve the value of assets that are otherwise in jeopardy, between the date of the filing of the Petition and when the Court rules on the Petition. In support of the relief requested herein, the Foreign Representatives respectfully represent as follows:

## **Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in

this Court and this District pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are sections 105(a), 362, 1517, 1519, 1520, and 1521 of the Bankruptcy Code.

## Background

### A. A Fraud Scheme in South Africa and Subsequent Sequestration of the Debtor's Estate

2. The Debtor, now deceased, was a purported "businesswoman," at the center of a major multi-million rand fraud, forgery, and uttering case in South Africa. Debtor, and her brother, Rushil Singh ("Rushil"), used fraudulent guarantees to secure large-scale working capital and term loans from Investec Bank Limited ("Applicant" or "Investec Bank") through their roles as directors of Big Business Innovations Group (Pty) Ltd. ("BIG"). From 2016-2021, Investec Bank loaned around R542 million (around $32 million USD) to the Debtor and Nishani. *See* **Exhibit A** (South African News24 article concerning the fraud scheme).

3. While the intended purpose of the loans was to fund business activities in Ghana, including road and hospital construction contracts, Debtor and her brother diverted the funds to support their extravagant lifestyle, including the purchase of multiple luxury vehicles. These luxury vehicles are believed to be located all over the world.

4. On April 19, 2024, the High Court of South Africa, Gauteng Division, Pretoria entered a priovisional sequestration order against the Debtor on behalf of Applicant, Investec Bank Limited ("Applicant" or "Investec Bank"). *See* **Exhibit B**. Investec Bank applied to sequestrate the estate of the Debtor after a R150 million transfer for a Term Loan Agreement (the "Term Loan") in 2021. Sequestration in South Africa is akin to an individual Chapter 7 proceeding in the United States.

5. Per Section 20 of the Insolvency Act 24 of 1936 "[t]he effect of the sequestration of the estate of an insolvent . . . shall be to divest the insolvent of his estate and to vest it in the

Master until a trustee has been appointed, and, upon the appointment of the trustee, to vest the estate in him . . . ." Insolvency Act 21 of 1936 § 20 (S. Afr.). Therefore, the appointed South African trustees own all the Debtor's assets. *See* **Exhibit C**.

6. The sequestration application was initiated upon the confirmation of information indicating fraud and dishonesty surrounding the sureties provided by BIG to Investec Bank in 2021.

7. On August 6, 2024, the Court appointed four provisional trustees, R Willem Jacobus Venter, Oriel Rampolokeng Sekati, Koketso Leuwance Selahle, and Matshediso Elizabeth Sello, to manage the affairs of the estate. *See* **Exhibit D**.

8. Furthermore, on October 25, 2024, the High Court of South Africa, Gauteng Division, Pretoria entered an *Order In Terms of Section 18(3) of the Insolvency Act No. 24 of 1936 (As Amended) and for an Order Directing the Registrar of this Honourable Court to Issue Letters of Request* (the "Request Order"). *See* **Exhibit E**. The Request Order permitted the Foreign Representatives, in their capacities as the joint provisional trustees of the insolvent estate of Stephen John Kollick and Nishani Michelle Singh, to act "with the requisite capacity and standing with respect of the insolvent estate within the foreign country with the full rights and powers of a personal legal representative[] under the relevant insolvency law and further that the foreign country provide every assistance required for the vesting, preservation, and recovery of assets within the foreign country to satisfy the outstanding debts against the insolvent estate." Request Order, ¶ 4.

9. On November 3, 2026 (the "Petition Date"), the Foreign Representatives commenced this proceeding by filing the Petition on behalf of the Debtors. *See* **Exhibit F**.

**B. Purpose of the South African Proceeding and this Chapter 15 Case**

10. The Applicant filed the South African Proceeding to protect the value of debtor's estate and prevent further depletion of fraudulently acquired assets. Through this Chapter 15 case, the Foreign Representatives seek an order allowing for the administration or realization of all or part of the debtors' assets located in the United States, in order to protect and preserve the value of assets that are otherwise in jeopardy, along with any other related relief. This is especially important where the asset at issue is a movable vehicle that can easily enter and exit the state of Florida.

11. The Foreign Representatives specifically seek to take custody of a luxury vehicle present in Miami-Dade County for the next several days, that was fraudulently acquired through the use of Applicant's funds. The mobile nature of this asset and prior inability to identify its location place the asset in jeopardy of misuse, transfer, or movement outside of an identifiable location.

12. The subject vehicle is part of one of Debtor's many luxury vehicle purchases. The Foreign Representatives plan to file a forthcoming Motion for Attachment, or in the Alternative, Sequestration to provide a detailed history of the vehicle and the transactions surrounding the fraudulently acquired vehicle. In the alternative, details of the transaction will be provided at the emergency hearing.

**Basis for Relief**

13. The Foreign Representatives' ultimate goal is to ensure an orderly administration of the Debtor's financial affairs and the safeguarding of assets fraudulently transferred under the auspices of the South African Proceeding, with the aid of this Court through the Chapter 15 case. The Foreign Representatives believe that entry of the Recognition Order and Provisional Relief Order will be the only way to assure such a result.

**A. Recognition of the South African Proceeding is Appropriate**

14. Chapter 15 of the Bankruptcy Code applies where assistance is sought in the United States by a foreign representative in connection with a foreign proceeding. *See* 11 U.S.C. § 1501(b)(l). Two of the objectives of chapter 15 of the Bankruptcy Code are the "fair and efficient administration of cross-border insolvencies that protects the interest of all creditors, and other interested entities, including the debtor," and the "protection and maximization of the value of the debtor's assets." 11 U.S.C. §§ 1501(a)(3) and (4). This Chapter 15 case has been commenced to obtain the assistance of this Court in the effective and economical administration of the South African Proceeding by, among other things, entering the Recognition Order so that relief granted by the South African Court will apply with respect to the Debtor's assets in the United States.

15. Recognition of the South African Proceeding as a foreign main proceeding is appropriate because the Foreign Representative has satisfied the requirements of section 1517 of the Bankruptcy Code.

16. Section 1517(a) governs the Foreign Representative's request for entry of the Recognition Order. That section provides:

> Subject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if-
>
> (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign non-main proceeding within the meaning of section 1502;
> (2) the foreign representative applying for recognition is a person or body; and
> (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a). The Bankruptcy Code provides further that a foreign proceeding is a "foreign main proceeding" if it is pending in the country where the debtor has its center of main interests.

*See* 11 U.S.C. § 1517(b)(l). In the absence of evidence to the contrary, the Debtor's habitual residence is presumed to be the center of the debtor's main interests. *See* 11 U.S.C. § 1516(c).

17. Here, the South African Proceeding is a foreign main proceeding under the Bankruptcy Code. South Africa is the place where the Debtor normally and genuinely lived prior to incarceration. The Debtor's last known primary residence was 237 Albert Street, Waterkloof, Pretoria, South Africa, and the Debtor operated his business ventures out of South Africa. As such, the Bankruptcy Code Requirements for recognizing the South African as a "foreign main proceeding" under the Bankruptcy Code are met.

18. This Court has previously recognized South African Proceedings and declared the associated relief "in the interests of public and international comity, consistent with the public policy of the United, [and] warranted pursuant to 11 U.S.C. § 1521." Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Granting Related Relief, *In re: Mirror Trading International (Pty) Ltd.*, Case No. 23-11046 (Bankr. S.D. Fla. Mar. 20, 2023), ECF No. 11.

19. For the aforementioned reasons, the Court should enter the Recognition Order.

**B. Entry of the Provisional Relief Order is Appropriate**

20. Section 1519(a)(2) of the Bankruptcy Code authorizes the Court to "entrust[] the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative . . . in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy." Accordingly, this Court has the ability to entrust the administration of the Debtor's assets to the Foreign Representatives as their actions to safeguard the vehicle are crucial to otherwise prevent the concealment or transfer of the vehicle.

21. Section 1519(a)(3) of the Bankruptcy Code authorizes the Court to grant, on a provisional basis, any relief available under section 1521(a)(7). Section 1521(a)(7) in turn provides for the grant of any relief available to a trustee, subject to certain statutory exceptions that are not applicable here. Accordingly, this Court has discretion to "suspend[] the right to transfer, encumber, or otherwise dispose of any assets of the debtor . . ." and "entrust the administration or realization of all or part of the debtor's assets" during the pendency of the Chapter 15 case. *See* 11 U.S.C. 1519(a)(3) (incorporating 11 U.S.C. § 1521(a)(3), (4), (7)).

22. The standard of proof for preliminary injunctive relief applies to provisional relief sought under section 1519. *In re Worldwide Educ. Servs., Inc.*, 494 B.R. 494, 499 (Bankr. C.D. Cal. 2013). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id.*

23. As to likelihood of success on the merits, the element is satisfied in the context of a motion under section 1519 if the movant shows that it will likely obtain recognition of the foreign proceeding. *In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 181 (Bankr. S.D.N.Y. 2022) (citing *In re Innua Can. Ltd.*, 2009 WL 1025088, at *3–4 (Bankr. D.N.J. 2009)). Alternatively, likelihood of success on the merits is shown where the relief is urgently needed to protect the assets of the debtor or the interests of the creditors. *In re Worldwide Educ. Servs., Inc.*, 494 B.R. at 499; *see also* 11 U.S.C. 1519(a). As demonstrated in Section A above, the Foreign Representatives satisfy the Section 1517 recognition requirements and absent entry of the Provisional Relief Order, the vehicle will move outside of Miami-Dade County in the next few days and most likely become untraceable. This effectively prevents the Trustee from safeguarding and protecting the asset for the benefit of creditors.

24. The irreparable harm here cannot be remedied if the relief sought herein is not granted as the Foreign Representatives will not be able to locate and/or safeguard the vehicle if it leaves its known location. This negatively impacts the estate as the car's purported $2 million value makes up a significant portion of the fraudulently transferred funds. It is unclear when, or if, the Foreign Representatives will be able to locate the vehicle again.

25. The balance of equities tips in Foreign Representatives' favor because permitting the vehicle to leave control of a neutral custodian would impose a great burden on Debtor's ability to engage in an orderly administration and liquidation of debts in the South African Proceeding. There is a serious risk that the vehicle may be located and/or transferred to a third party if not safeguarded.

26. Finally, entry of the Provisional Order is in the public interest because it would prevent harm to parties-in-interest by safeguarding the Debtor's assets and permitting the just administration of these assets in the South African Proceeding.

27. Provisional relief similar to that requested herein has been granted in other chapter 15 cases in both this and other districts. *See In re Prince Glob. Holdings Ltd.*, 679 B.R. 146, 167–68 (Bankr. S.D.N.Y. 2026) ("The Foreign Representatives have likely demonstrated that asset dissipation poses a substantial threat to the Debtors. [The Debtor's] complex corporate structure and history of concealment of assets complicates the Foreign Representative's attempts to trace assets, and absent judicial intervention, the assets may disappear.").

**C. The Foreign Representatives Will "Sufficiently Protect" The Assets**

28. Under Section 1522(a) of the Bankruptcy Code "[t]he court may grant relief under section 1519 or 1521, or may modify or terminate relief under subsection (c), only if the interests of the creditors and other interested entities, including the debtor, are sufficiently protected." Here,



146919575.1

the Foreign Representatives will hold the vehicle as custodian to safeguard the vehicle and sufficiently protect it for the benefit of creditors.

**D. In the Alternative, Foreign Representatives Seek an Extension of the Automatic Stay**

29. Section 1519(a)(1) of the Bankruptcy Code allows the court to grant relief of a provisional nature, including "staying execution against the debtor's assets." In the alternative, if the court does not grant the Foreign Representatives right to protect and preserve the assets through seizure, the Foreign Representatives move for expansion of the automatic stay.

30. For the aforementioned reasons, the Court should enter the Provisional Relief Order.

**Notice**

Pursuant Bankruptcy Rule 2002(q)(l) the Foreign Representatives will notify (i) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, (ii) all parties to litigation pending in the United States (which the Foreign Representatives currently believes are none), and (iii) any other entities as the Court may direct, of the filing of the Petition.

Dated: November 4, 2026.

Respectfully Submitted,

*/s/ Donald R. Kirk*
Donald R. Kirk
Florida Bar No. 105767
Olivia Zukowski
Florida Bar No. 1069885
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Blvd., Suite 1000
Tampa, Florida 33607
Telephone: 813-229-4334
Facsimile: 813-229-4133
Primary Emails:
dkirk@carltonfields.com
ozukowski@carltonfields.com
Secondary E-mail:

kathompson@carltonfields.com

*Counsel for Foreign Representatives*

**Verification**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 4, 2026

Willem Jacobus Venter

# EXHIBIT A




The Murrays were weeks away from discovering a tangled web of corruption woven by the Singhs.

ADVERTISEMENT

**The Murrays were weeks away from discovering a tangled web of corruption woven by the Singhs.**

**A News24 investigation picked up where they left off - delving into the complex business network built to move and hide money.**

**The Singh siblings, Rushil and Nishani, are at the centre of not only the double murder case, but also a major R150 million fraud investigation.**

---

Liquidators Cloete and Thomas Murray were murdered just as they had started to unearth evidence that siblings Rushil and Nishani Singh - with whom they spent their final hours - had built a billion-rand empire on a series of lies and bribes.

A News24 investigation spanning more than a year has revealed an expansive web of corruption spun by the Singhs in Ghana, where they secured a handful of road and hospital construction contracts, worth at least R1 billion, and maintained favour by paying at least R50 million in bribes to influential politicians in that country.

The contracts, awarded between 2015 and 2019, were for the rehabilitation and construction of more than 100 kilometres of roads and storm drains, as well as construction work on several hospitals as a subcontractor. Their business, Ghana Infrastructure Company (GIC), was paid the equivalent of R340 million for work completed between September 2017 and November 2022.

It is impossible to place a definitive value on the projects as it appears the value was inflated in documents submitted to the banks to secure loans - in some cases, the total value was given as more than R3 billion, but News24's estimation is that the contracts were worth just over R1 billion.

ADVERTISEMENT

Elections Poll '26
The full picture






News24 surveyed 5,001 registered voters to reveal who leads, what...

FIND OUT MORE

ADVERTISEMENT

The value of the contracts and payments due for work already completed were used to secure loans worth more than R550 million from Investec between 2016 and 2021, and a R22 million overdraft for the company account from Standard Bank.

According to thousands of documents reviewed by News24 and dozens of interviews with a key source, who has intimate knowledge of their business affairs, the Singhs used the loans from Investec meant for construction work in Ghana to fund an extravagant lifestyle, including:

- Spending more than R120 million on cars, including [redacted], and the [redacted], each worth a small fortune;
- At least R60 million was spent on buying, demolishing and constructing a monstrous house on the exclusive Lawley Street in Waterkloof, Pretoria, which has an estimated R100 million price tag at completion;
- Some of the money secured from Investec was used for the Ghanaian business, but it was also either squirreled away in personal bank accounts or used to meet some loan repayments, monthly insurance payments for the luxury cars, and countless millions spent on extensive international travels by the Singhs and a Ghanaian politician;
- At least R340 million was paid by the Ghanaian government to the Singhs' company for various projects between 2017 and 2022, with an estimated R200 to R400 million more owed for work already completed; and
- Despite the glut of money, some workers in Ghana were paid the equivalent of between R4 000 and R6 000 for a full month's work.

**Audiobook of the Month...**






Every month, News24 offers subscribers a free audiobook. This...

LISTEN NOW

**What should be the biggest priority for voters when choosing a local government?**

- A party's track record
- Its election promises
- The individual candidate
- Its plans to fix service delivery

Vote Results

Previous Results




Loans by Investec Bank to various Singh companies.

News24 has confirmed the identity of two key individuals who worked with the Singhs in Ghana - former deputy roads minister Kwabena Owusu Aduomi, who was until 2023 part of the current ruling party in Ghana, the New Patriotic Party. Aduomi recently ran for a parliamentary seat in his Ejisu constituency, under the banner of a different party, a seat he previously lost in 2020, but lost his bid narrowly.

While it is suspected that more money flowed to Aduomi, records seen by News24 confirm 390 000 Ghanaian cedis (about R986 000) was paid directly to his bank account from the Singhs' company in that country, GIC.

ADVERTISEMENT

ADVERTISEMENT

| CURRENCIES | COMMODITIES | JSE INDEXES |
|---|---|---|
| Rand - Dollar | 16.54 | +0.4% |
| Rand - Pound | 22.20 | +0.3% |
| Rand - Euro | 18.52 | +0.3% |
| Rand - Aus dollar | 11.56 | +0.5% |
| Rand - Yen | 0.10 | +0.5% |

All JSE data delayed by at least 15 minutes
iress

Game On!
Play today's crossword,...






And so much more

Play Now




Payments to former deputy minister of roads in Ghana, Kwabena Owusu Aduomi.

The Singhs' closest associate was former minister and former National Democratic Party parliamentary leader and MP, Haruna Iddrisu. Here, GIC's relationship stretches back to at least 2015, when money started flowing to causes linked to Haruna - at least GHS 20 million, the equivalent of more than R47 million. Haruna, in exchange, brokered contracts for GIC worth more than GHS 400 million - worth close to R1 billion.

Your neck may thank you



14 Oct

The DJI Osmo Pocket 4 is fantastic – but don't buy it yet



14 Oct

Nike's Swooshfly promises carbon-plate benefits. What the...



06 Oct

Read more

Got a confidential tip?...




From Babita Deokaran to Mpho Mafole, whistleblowers remain at the forefront of News24's intensive...

Find Out More

Good News

This West Coast police station scooped top honours for being the...



6h ago

'Hundreds of hours of work': St John's College pianist wins...



02 Nov

Hit by a drunk driver and told she'd never run again. She just...



01 Nov




Payments to and for the benefit of prominent opposition MP in Ghana, Iddrisu Haruna.

News24 Graphic: Sharlene Rood

Aduomi is not a signatory to the contracts but in his capacity as deputy roads minister, he was in charge of the departments responsible for the administration of the bids - most of the deals were awarded on a sole source basis.

But it appears that Haruna was their main go-to person to secure contracts in the Ashanti region, from where Aduomi hails, and in Tamale, Haruna's constituency.

Haruna also played a vital role in securing GIC a subcontract for the construction of an 80-bed hospital in Buipe, part of a major procurement by the Ghanaian health ministry for the construction of four regional hospitals and a clinic, which was awarded to German company Vamed's Middle Eastern subsidiary.

Again, it is unclear what these contracts were worth in reality - as the values were often inflated in documents submitted to public entities in Ghana or the banks.

More Good News stories

Editorial feedback and complaints

Contact the public editor with feedback for our journalists, complaints, queries or suggestions about articles on News24.

Learn More

Brand Story

How a mobile cinema is building creative careers in South Africa



02 Nov

Financial fluency: why more SA women are investing on their ow...



01 Nov

Zaio Institute of Technology wins big at News24 x Lula SME...




30 Oct

Find More

Explore the best of SA dining...




Since 1998, Eat Out has been South Africa's trusted authority on...

FIND OUT MORE

While it is unclear what Haruna's involvement in securing the hospital work for GIC entailed, he was paid at least R10 million in "profit share" from the project, in addition to facilitation fees and it appears the construction of his house which GIC paid for.

He refused to acknowledge or respond to multiple requests for comment sent to his private email address and to persons who have previously spoken for his non-profit organisation. Haruna also ignored posts on his active social media pages asking him to reach out to News24.

Aduomi, similarly, did not respond. News24 also reached out to the Ghana High Commission in South Africa, with no response forthcoming.

The Singhs, through GIC, also paid millions of rands in further payments to their local representative, Asumah Dokurugu, money that was earmarked for Haruna and other as yet unidentified officials.

In total, GIC and the Singhs paid more than R94 million in "facilitation fees" or "project fees" that appear to have been poorly disguised bribes, nearly half of which went to Haruna.



A November 2019 picture of Nishani Singh and Ghanaian opposition MP, Idrissu Haruna, who was instrumental in securing nearly R1 billion in contracts for Singh and her brother Rushil's company, GIC.

The full scope of their activities, including treating the company accounts as personal slush funds, tax implications of moving money around in such a fashion, and the possible unlawful enrichment of politicians, would take extensive forensic investigation to untangle - a job that had been started by Cloete Murray when he

GET IT ON Google Play
EXPLORE IT ON AppGallery
Download on the App Store
© 2026 (3.9.26288.13) 24.com. All rights reserved.
TERMS AND CONDITIONS
MEDIA24 PRIVACY POLICY
VULNERABILITY DISCLOSURE
Contact us
Help with my Subscription
FOLLOW:
Editorial Complaints Tip Offs Press Code Advertise on News Jobs at Media24 About us FAQs Careers24 Property24 Autotrader

was appointed by the Master of the High Court to liquidate the Singhs' main South African company, BIG Business Innovations Group.

The near constant flow of money between BIG and the Ghanaian entity, GIC, meant Murray would inevitably have sought to recover not only the supercars stashed all over the world, but also the millions in cash hidden in bank accounts, chiefly in Ghana.

Investec, too, was seeking to take control of GIC, and recover the remainder of the R250 million loan granted to that company in 2019.

**SPECIAL PROJECT: Unravelling the assassinations of Cloete and Thomas Murray**

When companies fail, expenses such as those on the cars, would be considered voidable transactions, and the assets recovered. Money paid to officials would also be considered voidable, as such transactions are unlawful under South African and Ghanaian law.

Murray Sr had already proven his hard-nosed reputation by swiftly convening a confidential inquiry into BIG's affairs within days of his appointment, and by moving quickly to secure several multimillion-rand cars, including two of the "cheaper" McLaren cars, a 600LT - valued at around R6 million - which was auctioned in February 2023.

The other, a 675LT Spider, was involved in an accident and was seized at the workshop of The 357, a Kyalami car shop whose previous director, Ryan Barwell, is also a person of interest in the double murder investigation, on 27 February 2023.

Cloete's son, Thomas Murray, was appointed on 15 March to wind up I2 Infinite Innovations, another Singh company that owned three luxury properties - purchased with yet more loans from Investec.

This included the house in Waterkloof, and Murray Jr proved just as determined as his father by moving within two days to secure the properties with a view to have them auctioned.



One of the three properties owned by Rushil and Nishani Singh's company, I2 Infinite Innovations, is this massive, three-storey home in Lawley Street, Waterkloof. The house was visited by Cloete and Thomas Murray, who were liquidating I2, on the morning of their fatal shooting on Saturday, 18 March. (Kyle Cowan/News24)

News24

While the younger Murray had worked extensively with his father on previous cases, this was his first appointment by the Master of the High Court in his own right.

It was at a sitting of the BIG enquiry on 17 March that Murray Jr made the appointment with Rushil Singh to visit the three properties the following morning. Within an hour of wrapping up the visits in the company of the Singhs, the Murrays were fatally shot, Murray Sr dying in hospital in the early hours of Sunday, 19 March.

At least 13 shots were fired at the Prado the Murrays were travelling in, on the N1 north highway just after 2pm on the afternoon of Saturday, 18 March. Thomas was struck once, the bullet tearing through his heart and breaking his arm. Cloete was hit at least six times, including a shot to the head that would eventually claim his life.



A close-up view of the gunshots that penetrated the driver's side window and pillar of the Prado of Cloete Murray.

PHOTO: Kyle Cowan/News24

As a result, the Singhs now find themselves at the centre of two major police investigations - a double murder probe and a fraud case. In addition to their proximity to the individuals so far linked to the murders, they are accused of having presented a fake bank guarantee to Investec to secure a R150 million loan in 2021.

## UNDER PRESSURE

A timeline showcasing how siblings Rushil and Nishani Singh came under increasing pressure after they failed to make payment on several loans from Investec Bank worth more than R500 million, leading to the failure of their business in South Africa and a double murder.




Kyle Cowan

Investec Me... | Legal action b... | The rejec | The failed plan | BIG pr | Payment | Demands anc | An assault | Ghana leg | The forgery ... | M | Investec g | More trouble

SEPT. 20 · SEPT. 28 · OCT. · OCT. 7 · OCT. 15 · OCT. 23 · OCT. 31 · NOV. · NOV. 9 · NOV. 17 · NOV. 25 · DEC.

TimelineJS

(*To navigate the graphic above, click on the timeline headers within it.*)

The fraud case opens the door onto a nest of corruption and threatens the future of their business in Ghana - and the Murrays, the physical embodiment of the consequences of the Singhs' questionable business activities, were the first to step onto the path left in their wake.

According to a source close to the slain Murrays, they were murdered before they could start piecing together the bigger puzzle around their empire.

Editorial Complaints Tipoffs Press Code Advertise On News24 Jobs at Media24 About us FAQs Careers24 Property24 Autotrader

However, by picking up their trail, News24 can now reveal crucial details in the broader schemes perpetrated by the Singhs - and a possible motive for the murders.

Despite several requests for comment sent to both Rushil and Nishani Singh by News24 between March 2023 and April 2024, they have never responded.

"We have been instructed to confirm that our clients will not be making any comments or responding to any communication from your offices," Ilyas Mayet, from Hajibey Bhyat Mayet & Stein, said in response to a detailed list of questions emailed to the Singhs for this story.

In court papers, however, Rushil Singh has sought to cast doubt on the authenticity of documents relied on by the bank and denied that he and his sister had perpetrated an "elaborate fraud", instead accusing the bank of being guilty of the fraud - a charge the bank has denied.

The courts have, so far, not viewed these arguments as having any merit, and Singh has been sequestrated, while BIG was placed under final liquidation. An appeal by the Singhs on several court judgments is pending before the courts, with no indication yet of when these matters will be heard.

## DISCOVER MORE




**Lottery licence to Sizekhaya set aside after Minister Tau's unlawful 'parallel...**

News 24 9h ago

**You have invested in the future**

News24 has been there for South Africa's defining moments over the last 25 years, and you've been right beside us. Your support of trusted journalism has sustained us, and now it will propel us to continue to strive to inform, inspire and empower as we try to build a better future for us all.

Discover News24

READ MORE ON:

CLOETE MURRAY CRIME AND COURTS THOMAS MURRAY NISHANI SINGH RUSHIL SINGH

Show Comments (94)

## READ MORE




Editorial Complaints Tip-Offs Press Code Advertise on News Jobs at Media24 About us FAQs Careers24 Property24 Autotrader

# EXHIBIT B

000-1

FA4

**IN THE HIGH COURT OF SOUTH AFRICA**
**GAUTENG DIVISION, PRETORIA**

CASE NO: 017911/2023

PRETORIA 15 JULY 2024

BEFORE THE HONOURABLE JUSTICE COWEN

In the matter between:

INVESTEC BANK LIMITED
(REG NO: 1969/004764/06) APPLICANT

AND

NISHANI MICHELLE SINGH 1ST RESPONDENT
DATE OF BIRTH: 20 APRIL 1973
ID: 730420 0121 08 3
RESIDENTIAL ADDRESS: 237 ALBERT STREET,
WATERKLOOF, PRETORIA
MARITAL STATUS: MARRIED IN COMMUNITY OF PROPERTY
TO STEPHEN JOHN KILLICK

STEPHEN JOHN KILLICK 2ND RESPONDENT
DATE OF BIRTH: 9 DECEMBER 1962
ID NUMBER: 621209 5153 08 2
RESIDENTIAL ADDRESS: 237 ALBERT STREET,
WATERKLOOF, PRETORIA
MARITAL STATUS: MARRIED IN COMMUNITY OF PROPERTY
TO NISHANI MICHELLE SINGH

Private Bag X67, Pretoria 0001
2024 -07- 16
GD-PRET-017

---

HAVING HEARD counsel(s) for the parties and having read the documents filed the court reserved its judgment.

**THEREAFTER ON THIS DAY THE COURT ORDERS**

**JUDGMENT**

1. The joint estate of the respondents is placed under provisional sequestration.
2. A *rule nisi* is issued calling on all persons who have a legitimate interest to advance reasons, if any, at 10h00 on 25 November 2024 as to why this Court should not order that the joint estate of the respondents be placed under final sequestration.

000-1

3. The applicant is to deliver a copy of this order the Master of High Court and to the South African Revenue Services.

4. A copy of this order shall be served on:

   4.1. The respondents by way of service on their attorneys of record and at their home address at 237 Albert Street, Waterkloof, Pretoria, Gauteng.

   4.2. The employees of the respondents, if any.

   4.3. All registered trade unions representing the employees of the respondents, if any.

5. Save as is set out below the costs of the application are to be costs in the sequestration of the joint estate of the respondents.

6. The first respondent's application of 28 May 2024 to admit a further affidavit is dismissed with costs, including the costs of two counsel, with Scale C applied, where applicable.

**BY THE COURT**

**REGISTRAR**
**MT**

Private Bag X67, Pretoria 0001
2024 -07- 16
GD-PRET-017

Attorney:-

respondent, if any.



5. The costs of this application are to be the costs in the sequestration of the respondent.

6. The counter application is removed from the roll.

7. The application to intervene is removed from the roll.

BY THE COURT

REGISTRAR

HH
Attorney: G OERTEL, K KOTZE, C KEKANA (C/O JACOBSON AND LEVY INC)
Address: TOWER 1 \ THE MARC, 129 RIVONIA ROAD, SANDTON (BUILDING A, FIRST FLOOR, 141 BOSHOFF STREET, NIEUW MUCKLENEUK, PTA

Private Bag X67, Pretoria 0001

2023 -05- 26

GD-PRET-019

# EXHIBIT C

## 20 Effect of sequestration on insolvent's property

(1) The effect of the sequestration of the estate of an **insolvent** shall be-

(a) to divest the insolvent of his estate and to vest it in the **Master** until a **trustee** has been appointed, and, upon the appointment of a trustee, to vest the estate in him;

(b) to stay, until the appointment of a trustee, any civil proceedings instituted by or against the insolvent save such proceedings as may, in terms of section twenty-three, be instituted by the insolvent for his own benefit or be instituted against the insolvent: Provided that if any claim which formed the subject of legal proceedings against the insolvent which were so stayed, has been proved and admitted against the insolvent's estate in terms of section forty-four or seventy-eight, the claimant may also prove against the estate a claim for his taxed costs, incurred in connection with those proceedings before the sequestration of the insolvent's estate;

(c) as soon as any **sheriff** or **messenger** , whose duty it is to execute any judgment given against an insolvent, becomes aware of the sequestration of the insolvent's estate, to stay that execution, unless the court otherwise directs;

(d) to empower the insolvent, if in prison for debt, to apply to the court for his release, after notice to the creditor at whose suit he is so imprisoned, and to empower the court to order his release, on such conditions as it may think fit to impose.

(2) For the purposes of subsection (1) the estate of an insolvent shall include-

(a) all **property** of the insolvent at the date of the sequestration, including property or the proceeds thereof which are in the hands of a sheriff or a messenger under writ of attachment;

(b) all property which the insolvent may acquire or which may accrue to him during the sequestration, except as otherwise provided in section twenty-three.

# EXHIBIT D

FA5

**REPUBLIC OF SOUTH AFRICA**

Insolvensiewet, No. 24 van 1936 (soos gewysig) [Artikel 18(1) en 56(2)]
Insolvency Act, No. 24 of 1936 (as amended) [Section 18(1) and 56(2)]

**SERTIFIKAAT VAN AANSTELLING VAN VOORLOPIGE KURATOR**
**CERTIFICATE OF APPOINTMENT OF PROVISIONAL TRUSTEE**

**NO:** T001461/2024

Hierby word gesertifiseer dat:
This is to certify that:

| | | |
|---|---|---|
| **1.** | SEKATI ORIEL RAMPOLOKENG | **ID.** XXXXXXXXXXXXXXXXXXXXX |
| **2.** | SELAHLE KOKETSO LEUWANCE | **ID.** XXXXXXXXXXXXXXXXXXXXX |
| **3.** | SELLO, MATSHEDISO ELIZABETH | **ID.** XXXXXXXXXXXXXXXXXXXXX |
| **4.** | VENTER, WILLEM JACOBUS | **ID.** 8801105095088 |
| **5.** | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | **ID.** XXXXXXXXXXXXXXXXXXXXX |
| **6.** | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | **ID.** XXXXXXXXXXXXXXXXXXXXX |
| **7.** | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | **ID.** XXXXXXXXXXXXXXXXXXXXX |

aangestel word as Voorlopige Kurator van die insolvente boedel van:
appointed as Provisional Trustee of the insolvent estate of:

**STEPHEN JOHN KILLICK 6212095143082**
**NISHANI MICHELLE SINGH 7304200131083**

***GETROUD BINNE GEMEENSKAP VAN GOED MET MEKAAR / MARRIED IN COMMUNITY OF PROPERTY***

wat op Bevel van die Hooggeregshof van Suid-Afrika
( NORTH GAUTENG HIGH COURT (PRETORIA) Afdeling),
gedateer die voorlopig gesekwestreer is, met die magte en bevoegdhede soos uiteengesit in die Insolvensiewet, 1936 (Wet 24 van 1936).

which was placed under provisional sequestration by Order of the High Court of South Africa
( NORTH GAUTENG HIGH COURT (PRETORIA) Division),
dated the 15/7/24 with the powers and authority as set out in the Insolvency Act, 1936 (Act 24 of 1936).

MASTER OF THE HIGH COURT OF SOUTH AFRICA, GAUTENG DIVISION, PRETORIA
VILECIA LOUW
Assistant Master
2024 -08- 06
Time: ......
PRETORIA
MEESTER VAN DIE HOOGGEREGSHOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

6 AUGUST 2024

DOJCD\VDAMSELL
**MEESTER VAN DIE HOË HOF VAN SUID-AFRIKA**
**MASTER OF THE HIGH COURT OF SOUTH AFRICA**
PRETORIA MASTERS OFFICE

DATUM STEMPEL
DATE STAMP

URN: 9902024INS001461

# EXHIBIT E

AVDM/AVDM
03102024/PBPA54036.1
Draft Order/#10450607v1

9/10/2024

# THE HIGH COURT OF SOUTH AFRICA
# GAUTENG DIVISION, PRETORIA

CASE NO. :2024-112350

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOë HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

**Pretoria, 09 October 2024**
**Before the Honourable Justice Retief**

In the *ex parte* and in camera application of:

WILLEM JACOBUS VENTER N.O. First Applicant

ORIEL RAMPOLOKENG SEKATI N.O. Second Applicant

KOKETSO LEUWANCE SELAHLE N.O. Third Applicant

MATSHEDISO ELIZABETH SELLO N.O. Fourth Applicant

(in their capacities as the joint provisional trustees of the joint insolvent estate of Stephen John Killick and Nishani Michelle Singh)

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA

**FOR AN ORDER IN TERMS OF SECTION 18(3) OF THE INSOLVENCY ACT NO. 24 OF 1936 (AS AMENDED) AND FOR AN ORDER DIRECTING THE REGISTRAR OF THIS HONOURABLE COURT TO ISSUE LETTERS OF REQUEST**

---

## DRAFT ORDER

---

**HAVING READ** the documents filed of record and having considered the matter, the following order is made:-

1 The applicants' non-compliance with, and/or dispensing with, the forms, service and time periods provided for in the Uniform Rules of Court are condoned and

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

the application is heard and adjudicated on an urgent basis, *ex parte* and in camera.

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

2 The applicants are authorised to bring this application in terms of section 18(3) of the Insolvency Act No. 24 of 1936 (as amended) ("**the Insolvency Act**").

3 The applicants are authorised to sell the insolvent estate's immovable properties and realise its movable assets referred to hereunder by way of public auction, public tender, or private contract and to give delivery and/or pass transfer of same. Any sale will be subject to the consent of Stephen John Killick (identity number 621209 5143 08 2) and Nishani Michelle Singh (identity number 730420 0131 08 3) for so long as the sequestration remains provisional and, if a final sequestration order is granted, for so long as the final order is the subject matter of an application for leave to appeal or an appeal (save in the event of the applicant creditor obtaining relief in terms of section 18 of the Superior Courts Act).

GAUTENG DIVISION, PRETORIA
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION

4 The Registrar of this Honourable Court is directed to issue letters of request to any court of competent jurisdiction in Republic of Ghana ("**Ghana**"), the United Kingdom ("**the UK**") and the Portuguese Republic ("**Portugal**") to act in aid of the High Court of South Africa (Gauteng Division, Pretoria) for the purpose of recognising the appointment of the applicants as the duly appointed provisional trustees of the insolvent estate of Stephen John Killick (identity number 621209 5143 08 2) and Nishani Michelle Singh (identity number 730420 0131 08 3)("**the insolvent estate**"), with the requisite capacity and standing with respect of the

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

insolvent estate within the foreign country with the full rights and powers under the relevant insolvency law and further that the foreign country provide every assistance required for the vesting, preservation and recovery of the assets within the foreign country to satisfy the outstanding debts against the insolvent estate.

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG X67
2024 -10- 25
E. TIGER
REGISTRAR VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

5 The applicants are authorised to institute and proceed to the final determination thereof, such proceedings as may be required to be instituted in any court of competent jurisdiction in Ghana, the UK and Portugal to obtain recognition of the appointment of the applicants as the duly appointed joint provisional trustees of the insolvent estate.

6 The applicants are authorised to institute and proceed to the final determination thereof, such proceedings as may be necessary in any court of competent jurisdiction in Ghana, the UK and Portugal as may be necessary to preserve the assets of the insolvent estate and to achieve the proper and effective administration of the insolvent estate.

Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010

7 The applicants are authorised to institute and proceed to the final determination thereof, such proceedings as may be necessary in any court of competent jurisdiction in Ghana, the UK and Portugal for the securing of and sale of any assets vesting in the insolvent estate.

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

8 The applicants are authorised to exercise the following powers in relation to the administration of the insolvent estate:

8.1 to appoint service providers, including but not limited to, attorneys, auditors, accountants, counsel, consultants, auctioneers, security guards, building contractors, investigators and forensic auditors, to assist the applicants in the exercise of their duties and to pay all estate-related costs and fees, limited to those for work done after commencement of the sequestration of the insolvent estate;

8.2 to obtain any legal opinion, institute or defend any action or legal proceedings, and to proceed to the final determination of any such action or proceedings;

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA

8.3 to sell any asset which is the subject of a mortgage bond, pledge or any other form of security to the creditor lawfully holding such security if the security fails to realise sufficient value to satisfy the claim of the secured creditor, subject to the payment by the secured creditor of a *pro rata* share of the costs of administration in terms of section 89 of the Insolvency Act;

8.4 to sell or in any other way dispose of any movable or immovable property of the insolvent's estate, whether as a going concern or otherwise, by public auction, public tender or private treaty and to give delivery and pass transfer thereof, with the methodology and conditions of sale to be determined by the applicants in their sole and absolute discretion;

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

8.5 to attach, remove and sell or in any other way dispose of the abundant collection of luxury clothing and luxury goods, by public auction, private tender or private treaty and to give delivery and pass transfer thereof, with the methodology and conditions of sale to be determined by the applicants in their sole and absolute discretion;

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

8.6 to pay all legal fees and fees for services rendered by any of the parties;

8.7 to engage in the marketing and advertising of the assets of the insolvents in a manner that will result in the disposal of the assets or any component thereof, in the best interest of the general body of creditors;

8.8 to deal with and terminate any lease agreement in respect of any property occupied by the insolvents at the time of sequestration, or leased by the insolvents;

Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010

8.9 to employ a contractor/agent to take care of or sell the assets, both movable and immovable, of the insolvents' estate or any part thereof, and to employ any persons or agents necessary to assist with the care of the assets, and to pay any costs relating thereto;

8.10 to employ and contract any builder / contractor in relation to 248, 9th Street, Hermanus and to extend, amend or cancel any agreement currently in place

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

in relation to the Hermanus Property at the costs of the estate in order for it to be sold;

8.11 to take out such short-term insurance as may be required to safeguard the assets of the insolvent estate, and to pay the premiums in respect of such insurance policy;

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA GAUTENG AFDELING, PRETORIA

8.12 that any action by the applicants to date hereof be authorised and ratified and further, that the costs of this application shall form part of the costs in the winding-up of the insolvents estate;

8.13 to compromise, admit and/or abandon any claim, of whatever kind or from whatever cause, and to accept payment of any part of a debt due to the insolvent estate in settlement thereof, or to grant an extension of time for the payment of any debt due to the insolvent estate;

HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA

8.14 to, in general, exercise any other powers afforded to a trustee who has been appointed in terms of section 56 of the Act; and

8.15 to approach this Court on the same papers, duly supplemented, for an order granting the applicants further powers should the need arise.

9 The costs of the application are costs in the administration or the insolvent estate.

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklike.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

10 A copy of the court order shall be provided to the insolvents and/or the attorneys of record representing them, within 3 days of the grant of this order.

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA
GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA
GAUTENG AFDELING, PRETORIA

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA
GAUTENG DIVISION,
PRETORIA
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA
GAUTENG DIVISION,
PRETORIA

**BY THE COURT**

**THE REGISTRAR**

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.

Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

000-1

FA4

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

**IN THE HIGH COURT OF SOUTH AFRICA**
**GAUTENG DIVISION, PRETORIA**

CASE NO: 017911/2023

PRETORIA 15 JULY 2024

BEFORE THE HONOURABLE JUSTICE COWEN

Private Bag X67, Pretoria 0001
2024 -07- 16
GD-PRET-017

*In the matter between:*

INVESTEC BANK LIMITED (REG NO: 1969/004764/06) — APPLICANT

AND

NISHANI MICHELLE SINGH — 1ST RESPONDENT
DATE OF BIRTH: 20 APRIL 1973
ID: 730420 0121 08 3
RESIDENTIAL ADDRESS: 237 ALBERT STREET, WATERKLOOF, PRETORIA
MARITAL STATUS: MARRIED IN COMMUNITY OF PROPERTY TO STEPHEN JOHN KILLICK

STEPHEN JOHN KILLICK — 2ND RESPONDENT
DATE OF BIRTH: 9 DECEMBER 1962
ID NUMBER: 621209 5153 08 2
RESIDENTIAL ADDRESS: 237 ALBERT STREET, WATERKLOOF, PRETORIA
MARITAL STATUS: MARRIED IN COMMUNITY OF PROPERTY TO NISHANI MICHELLE SINGH

---

HAVING HEARD counsel(s) for the parties and having read the documents filed the court reserved its judgment.

**THEREAFTER ON THIS DAY THE COURT ORDERS**

**JUDGMENT**

1. The joint estate of the respondents is placed under provisional sequestration.

2. A *rule nisi* is issued calling on all persons who have a legitimate interest to advance reasons, if any, at 10h00 on 25 November 2024 as to why this Court should not order that the joint estate of the respondents be placed under final sequestration.

000-1

Certified a true copy of the original
Gesertifiseer 'n ware afskrif van die oorspronklikke
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

3. The applicant is to deliver a copy of this order the Master of High Court and to the South African Revenue Services.

4. A copy of this order shall be served on:

4.1. The respondents by way of service on their attorneys of record and at their home address at 237 Albert Street, Waterkloof, Pretoria, Gauteng.

4.2. The employees of the respondents, if any.

4.3. All registered trade unions representing the employees of the respondents, if any.

5. Save as is set out below the costs of the application are to be costs in the sequestration of the joint estate of the respondents.

6. The first respondent's application of 28 May 2024 to admit a further affidavit is dismissed with costs, including the costs of two counsel, with Scale C applied, where applicable.

**BY THE COURT**

**REGISTRAR**

**MT**

Attorney:-

Private Bag X67, Pretoria 0001
2024 -07- 16
GD-PRET-017

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklike.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

# EXHIBIT F

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Florida

Case number *(If known)*: ______________________ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding

12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

**1. Debtor's name**

Nishani Michelle Singh

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __

☐ Other ______________. Describe identifier ______________.

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ____ ____ ____ ____

☑ Other 730420 0131 08 3. Describe identifier South African Identification Number.

**3. Name of foreign representative(s)**

Willem Jacobus Venter (First Applicant), Oriel Rampolokeng Sekati, Koketso Leuwance Selahle, and Matshediso Elizabeth Sello

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

South Africa

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding

☐ Foreign nonmain proceeding

☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

______________________________________________

______________________________________________

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor Nishani Michelle Singh
Name

Case number (if known)

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

**Debtor's registered office:**

Number Street

P.O. Box

City State/Province/Region ZIP/Postal Code

Country

**Individual debtor's habitual residence:**
**Last Known Address:**

237 Albert Street
Number Street

P.O. Box

Waterkloof, Pretoria
City State/Province/Region ZIP/Postal Code

South Africa
Country

**Address of foreign representative(s):**
**First Applicant Address:**

778 Skukuza Street
Number Street

P.O. Box

Faerie Glen, Pretoria
City State/Province/Region ZIP/Postal Code

South Africa
Country

**10. Debtor's website** (URL) N/A

**11. Type of debtor**

*Check one:*

☐ Non-individual (*check one*):

- ☐ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.
- ☐ Partnership
- ☐ Other. Specify: ____________

☑ Individual

Debtor Nishani Michelle Singh Case number (if known)_______________
Name

**12. Why is venue proper in *this district?***

*Check one:*

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_______________________________________________.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_______________________________________________.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _______________________ W J Vater
Signature of foreign representative Printed name

Executed on 3/11/2026
MM / DD / YYYY

✗ _______________________ _______________________
Signature of foreign representative Printed name

Executed on _______________
MM / DD / YYYY

**14. Signature of attorney**

✗ */s/ Donald R. Kirk* Date 11/03/2026
Signature of Attorney for foreign representative MM / DD / YYYY

Donald R. Kirk
Printed name

Carlton Fields, P.A.
Firm name

4221 W Boy Scout Boulevard, Suite 1000
Number Street

Tampa FL 33607
City State ZIP Code

(813) 229-4334 dkirk@carltonfields.com
Contact phone Email address

105767 FL
Bar number State

000-1

FA4

**IN THE HIGH COURT OF SOUTH AFRICA**
**GAUTENG DIVISION, PRETORIA**

CASE NO: 017911/2023

PRETORIA 15 JULY 2024

BEFORE THE HONOURABLE JUSTICE COWEN

In the matter between:

Private Bag X67, Pretoria 0001
2024 -07- 16
GD-PRET-017

INVESTEC BANK LIMITED
(REG NO: 1969/004764/06) APPLICANT

AND

NISHANI MICHELLE SINGH 1ST RESPONDENT
DATE OF BIRTH: 20 APRIL 1973
ID: 730420 0121 08 3
RESIDENTIAL ADDRESS: 237 ALBERT STREET,
WATERKLOOF, PRETORIA
MARITAL STATUS: MARRIED IN COMMUNITY OF PROPERTY
TO STEPHEN JOHN KILLICK

STEPHEN JOHN KILLICK 2ND RESPONDENT
DATE OF BIRTH: 9 DECEMBER 1962
ID NUMBER: 621209 5153 08 2
RESIDENTIAL ADDRESS: 237 ALBERT STREET,
WATERKLOOF, PRETORIA
MARITAL STATUS: MARRIED IN COMMUNITY OF PROPERTY
TO NISHANI MICHELLE SINGH

---

HAVING HEARD counsel(s) for the parties and having read the documents filed the court reserved its judgment.

**THEREAFTER ON THIS DAY THE COURT ORDERS**

**JUDGMENT**

1. The joint estate of the respondents is placed under provisional sequestration.
2. A *rule nisi* is issued calling on all persons who have a legitimate interest to advance reasons, if any, at 10h00 on 25 November 2024 as to why this Court should not order that the joint estate of the respondents be placed under final sequestration.

000-1

3. The applicant is to deliver a copy of this order the Master of High Court and to the South African Revenue Services.

4. A copy of this order shall be served on:

   4.1. The respondents by way of service on their attorneys of record and at their home address at 237 Albert Street, Waterkloof, Pretoria, Gauteng.

   4.2. The employees of the respondents, if any.

   4.3. All registered trade unions representing the employees of the respondents, if any.

5. Save as is set out below the costs of the application are to be costs in the sequestration of the joint estate of the respondents.

6. The first respondent's application of 28 May 2024 to admit a further affidavit is dismissed with costs, including the costs of two counsel, with Scale C applied, where applicable.

BY THE COURT

REGISTRAR

MT

Attorney:-

Private Bag X67, Pretoria 0001

2024-07-16

GD-PRET-017

FA5

**REPUBLIC OF SOUTH AFRICA**

Insolvensiewet, No. 24 van 1936 (soos gewysig) [Artikel 18(1) en 56(2)]
Insolvency Act, No. 24 of 1936 (as amended) [Section 18(1) and 56(2)]

**SERTIFIKAAT VAN AANSTELLING VAN VOORLOPIGE KURATOR**
**CERTIFICATE OF APPOINTMENT OF PROVISIONAL TRUSTEE**

**NO:** T001461/2024

Hierby word gesertifiseer dat:
This is to certify that:

| | | |
|---|---|---|
| 1. | SEKATI ORIEL RAMPOLOKENG | ID. XXXXXXXXXXXXXXXXXXXXX |
| 2. | SELAHLE KOKETSO LEUWANCE | ID. XXXXXXXXXXXXXXXXXXXXX |
| 3. | SELLO, MATSHEDISO ELIZABETH | ID. XXXXXXXXXXXXXXXXXXXXX |
| 4. | VENTER, WILLEM JACOBUS | ID. 8801105095088 |
| 5. | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | ID. XXXXXXXXXXXXXXXXXXXXX |
| 6. | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | ID. XXXXXXXXXXXXXXXXXXXXX |
| 7. | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | ID. XXXXXXXXXXXXXXXXXXXXX |

aangestel word as Voorlopige Kurator van die insolvente boedel van:
appointed as Provisional Trustee of the insolvent estate of:

**STEPHEN JOHN KILLICK 6212095143082**
**NISHANI MICHELLE SINGH 7304200131083**

***GETROUD BINNE GEMEENSKAP VAN GOED MET MEKAAR / MARRIED IN COMMUNITY OF PROPERTY***

wat op Bevel van die Hooggeregshof van Suid-Afrika
( NORTH GAUTENG HIGH COURT (PRETORIA) Afdeling),
gedateer die voorlopig gesekwestreer is, met die magte en bevoegdhede soos uiteengesit in die Insolvensiewet, 1936 (Wet 24 van 1936).

which was placed under provisional sequestration by Order of the High Court of South Africa
( NORTH GAUTENG HIGH COURT (PRETORIA) Division),
dated the 15/7/24 with the powers and authority as set out in the Insolvency Act, 1936 (Act 24 of 1936).

MASTER OF THE HIGH COURT OF SOUTH AFRICA, GAUTENG DIVISION, PRETORIA
VILECIA LOUW
2024 -08- 06
Time: ........
PRETORIA
MEESTER VAN DIE HOOGGEREGSHOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

6 AUGUST 2024

DOJCD VDAMSELL
**MEESTER VAN DIE HOë HOF VAN SUID-AFRIKA**
**MASTER OF THE HIGH COURT OF SOUTH AFRICA**
PRETORIA MASTERS OFFICE

DATUM STEMPEL
DATE STAMP

URN: 9902024INS001461

AVDM/AVDM
03102024/PBPA54036.1
Draft Order/#10450607v1

9/10/2024

**THE HIGH COURT OF SOUTH AFRICA**
**GAUTENG DIVISION, PRETORIA**

CASE NO. :2024-112350

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOë HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

**Pretoria, 09 October 2024**
**Before the Honourable Justice Retief**

In the *ex parte* and in camera application of:

WILLEM JACOBUS VENTER N.O. — First Applicant

ORIEL RAMPOLOKENG SEKATI N.O. — Second Applicant

KOKETSO LEUWANCE SELAHLE N.O. — Third Applicant

MATSHEDISO ELIZABETH SELLO N.O. — Fourth Applicant

(in their capacities as the joint provisional trustees of the joint insolvent estate of Stephen John Killick and Nishani Michelle Singh)

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA
GAUTENG DIVISION,
PRETORIA
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA
GAUTENG DIVISION,
PRETORIA

**FOR AN ORDER IN TERMS OF SECTION 18(3) OF THE INSOLVENCY ACT NO. 24 OF 1936 (AS AMENDED) AND FOR AN ORDER DIRECTING THE REGISTRAR OF THIS HONOURABLE COURT TO ISSUE LETTERS OF REQUEST**

---

**DRAFT ORDER**

---

**HAVING READ** the documents filed of record and having considered the matter, the following order is made:-

1 The applicants' non-compliance with, and/or dispensing with, the forms, service and time periods provided for in the Uniform Rules of Court are condoned and

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

the application is heard and adjudicated on an urgent basis, *ex parte* and in camera.

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

2 The applicants are authorised to bring this application in terms of section 18(3) of the Insolvency Act No. 24 of 1936 (as amended) ("**the Insolvency Act**").

3 The applicants are authorised to sell the insolvent estate's immovable properties and realise its movable assets referred to hereunder by way of public auction, public tender, or private contract and to give delivery and/or pass transfer of same. Any sale will be subject to the consent of Stephen John Killick (identity number 621209 5143 08 2) and Nishani Michelle Singh (identity number 730420 0131 08 3) for so long as the sequestration remains provisional and, if a final sequestration order is granted, for so long as the final order is the subject matter of an application for leave to appeal or an appeal (save in the event of the applicant creditor obtaining relief in terms of section 18 of the Superior Courts Act).

Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010

4 The Registrar of this Honourable Court is directed to issue letters of request to any court of competent jurisdiction in Republic of Ghana ("**Ghana**"), the United Kingdom ("**the UK**") and the Portuguese Republic ("**Portugal**") to act in aid of the High Court of South Africa (Gauteng Division, Pretoria) for the purpose of recognising the appointment of the applicants as the duly appointed provisional trustees of the insolvent estate of Stephen John Killick (identity number 621209 5143 08 2) and Nishani Michelle Singh (identity number 730420 0131 08 3)("**the insolvent estate**"), with the requisite capacity and standing with respect of the

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

insolvent estate within the foreign country with the full rights and powers under the relevant insolvency law and further that the foreign country provide every assistance required for the vesting, preservation and recovery of the assets within the foreign country to satisfy the outstanding debts against the insolvent estate.

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG X67
2024 -10- 25
E. TIGER
REGISTRAR VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

5 The applicants are authorised to institute and proceed to the final determination thereof, such proceedings as may be required to be instituted in any court of competent jurisdiction in Ghana, the UK and Portugal to obtain recognition of the appointment of the applicants as the duly appointed joint provisional trustees of the insolvent estate.

6 The applicants are authorised to institute and proceed to the final determination thereof, such proceedings as may be necessary in any court of competent jurisdiction in Ghana, the UK and Portugal as may be necessary to preserve the assets of the insolvent estate and to achieve the proper and effective administration of the insolvent estate.

Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA
GAUTENG DIVISION,
PRETORIA

7 The applicants are authorised to institute and proceed to the final determination thereof, such proceedings as may be necessary in any court of competent jurisdiction in Ghana, the UK and Portugal for the securing of and sale of any assets vesting in the insolvent estate.

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

8 The applicants are authorised to exercise the following powers in relation to the administration of the insolvent estate:

8.1 to appoint service providers, including but not limited to, attorneys, auditors, accountants, counsel, consultants, auctioneers, security guards, building contractors, investigators and forensic auditors, to assist the applicants in the exercise of their duties and to pay all estate-related costs and fees, limited to those for work done after commencement of the sequestration of the insolvent estate;

8.2 to obtain any legal opinion, institute or defend any action or legal proceedings, and to proceed to the final determination of any such action or proceedings;

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA

8.3 to sell any asset which is the subject of a mortgage bond, pledge or any other form of security to the creditor lawfully holding such security if the security fails to realise sufficient value to satisfy the claim of the secured creditor, subject to the payment by the secured creditor of a *pro rata* share of the costs of administration in terms of section 89 of the Insolvency Act;

8.4 to sell or in any other way dispose of any movable or immovable property of the insolvent's estate, whether as a going concern or otherwise, by public auction, public tender or private treaty and to give delivery and pass transfer thereof, with the methodology and conditions of sale to be determined by the applicants in their sole and absolute discretion;

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

8.5 to attach, remove and sell or in any other way dispose of the abundant collection of luxury clothing and luxury goods, by public auction, private tender or private treaty and to give delivery and pass transfer thereof, with the methodology and conditions of sale to be determined by the applicants in their sole and absolute discretion;

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

8.6 to pay all legal fees and fees for services rendered by any of the parties;

8.7 to engage in the marketing and advertising of the assets of the insolvents in a manner that will result in the disposal of the assets or any component thereof, in the best interest of the general body of creditors;

8.8 to deal with and terminate any lease agreement in respect of any property occupied by the insolvents at the time of sequestration, or leased by the insolvents;

Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010

8.9 to employ a contractor/agent to take care of or sell the assets, both movable and immovable, of the insolvents' estate or any part thereof, and to employ any persons or agents necessary to assist with the care of the assets, and to pay any costs relating thereto;

8.10 to employ and contract any builder / contractor in relation to 248, 9th Street, Hermanus and to extend, amend or cancel any agreement currently in place

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

in relation to the Hermanus Property at the costs of the estate in order for it to be sold;

8.11 to take out such short-term insurance as may be required to safeguard the assets of the insolvent estate, and to pay the premiums in respect of such insurance policy;

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA GAUTENG AFDELING, PRETORIA

8.12 that any action by the applicants to date hereof be authorised and ratified and further, that the costs of this application shall form part of the costs in the winding-up of the insolvents estate;

8.13 to compromise, admit and/or abandon any claim, of whatever kind or from whatever cause, and to accept payment of any part of a debt due to the insolvent estate in settlement thereof, or to grant an extension of time for the payment of any debt due to the insolvent estate;

THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010
REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA

8.14 to, in general, exercise any other powers afforded to a trustee who has been appointed in terms of section 56 of the Act; and

8.15 to approach this Court on the same papers, duly supplemented, for an order granting the applicants further powers should the need arise.

9 The costs of the application are costs in the administration or the insolvent estate.

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

10 A copy of the court order shall be provided to the insolvents and/or the attorneys of record representing them, within 3 days of the grant of this order.

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA, GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

**BY THE COURT**

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA, GAUTENG DIVISION, PRETORIA
Private Bag X67, Pretoria 0001
2024 -10- 09
GD-PRET-010

**THE REGISTRAR**

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklikke.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

000-1

FA4

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
PRIVATE BAG/PRIVAATSAK X67
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
GRIFFIER VAN DIE HOË HOF VAN SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

IN THE HIGH COURT OF SOUTH AFRICA
GAUTENG DIVISION, PRETORIA

CASE NO: 017911/2023

PRETORIA 15 JULY 2024

BEFORE THE HONOURABLE JUSTICE COWEN

In the matter between:

Private Bag X67, Pretoria 0001
2024 -07- 16
GD-PRET-017

| | |
|---|---|
| INVESTEC BANK LIMITED<br>(REG NO: 1969/004764/06) | APPLICANT |
| AND | |
| NISHANI MICHELLE SINGH<br>DATE OF BIRTH: 20 APRIL 1973<br>ID: 730420 0121 08 3<br>RESIDENTIAL ADDRESS: 237 ALBERT STREET, WATERKLOOF, PRETORIA<br>MARITAL STATUS: MARRIED IN COMMUNITY OF PROPERTY TO STEPHEN JOHN KILLICK | 1ST RESPONDENT |
| STEPHEN JOHN KILLICK<br>DATE OF BIRTH: 9 DECEMBER 1962<br>ID NUMBER: 621209 5153 08 2<br>RESIDENTIAL ADDRESS: 237 ALBERT STREET, WATERKLOOF, PRETORIA<br>MARITAL STATUS: MARRIED IN COMMUNITY OF PROPERTY TO NISHANI MICHELLE SINGH | 2ND RESPONDENT |

HAVING HEARD counsel(s) for the parties and having read the documents filed the court reserved its judgment.

**THEREAFTER ON THIS DAY THE COURT ORDERS**

**JUDGMENT**

1. The joint estate of the respondents is placed under provisional sequestration.

2. A *rule nisi* is issued calling on all persons who have a legitimate interest to advance reasons, if any, at 10h00 on 25 November 2024 as to why this Court should not order that the joint estate of the respondents be placed under final sequestration.

000-1

Certified a true copy of the original
Gesertifiseer 'n ware afskrif van die oorspronklikke

Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria

REGISTRAR OF THE HIGH COURT OF SOUTH AFRICA GAUTENG DIVISION, PRETORIA
2024 -10- 25
E. TIGER
REGISTRAR'S CLERK
SUID-AFRIKA, GAUTENG AFDELING, PRETORIA

3. The applicant is to deliver a copy of this order the Master of High Court and to the South African Revenue Services.

4. A copy of this order shall be served on:

   4.1. The respondents by way of service on their attorneys of record and at their home address at 237 Albert Street, Waterkloof, Pretoria, Gauteng.

   4.2. The employees of the respondents, if any.

   4.3. All registered trade unions representing the employees of the respondents, if any.

5. Save as is set out below the costs of the application are to be costs in the sequestration of the joint estate of the respondents.

6. The first respondent's application of 28 May 2024 to admit a further affidavit is dismissed with costs, including the costs of two counsel, with Scale C applied, where applicable.

BY THE COURT

REGISTRAR

MT

Attorney:-

Private Bag X67, Pretoria 0001
2024 -07- 16
GD-PRET-017

Certified a true copy of the original.
Gesertifiseer 'n ware afskrif van die oorspronklike.
Registrar of the North Gauteng High Court, Pretoria
Griffier van die Noord Gauteng Hoë Hof, Pretoria